## THE STATE v. B. F. RAGSDALE.

CRIMINAL LAW. *Verdict not warranted by law. Appeal by State.* Where the verdict in a criminal case is not warranted by law, no valid judgment can be rendered on it, as where the jury assess the punishment at a fine when the law prescribes both fine and imprisonment for the particular offense, and the judgment will be reversed upon appeal by the State, and the cause remanded for a new trial.

### FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin county. J. J. WILLIAMS, J.

ATTORNEY-GENERAL LEA for the State.

A. S. MARKS for defendant.

COOPER, J., delivered the opinion of the court.

The defendant Ragsdale was indicted for an assault with intent to commit murder in the first degree. The jury found him guilty of an assault with an intent to

commit murder in the second degree, and assessed his. punishment at a fine of five hundred dollars and the costs. The trial judge reduced his fine, "for satisfactory reasons," to seventy-five dollars, in an entry which recites that the defendant and two persons named as sureties acknowledged themselves bound for the fine and costs "entered against him on a former day of the term." The record does not contain any entry of judgment on the verdict. The State has brought the case up by writ of error.

Under an indictment for an assault with intent to commit murder in the first degree, a conviction may be had for an assault with intent to commit murder in the second degree: *Smith* v. *The State,* 2 Lea, 617. This latter offense is punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury: Code, sec. 4630. The verdict of the jury in this case merely assesses the punishment at a fine. The statute clearly prescribes that the punishment shall be by imprisonment, either in the penitentiary or the county jail, and fine. The verdict was, therefore, not warranted by the law, and no judgment could be rendered on it: *Murphy* v. *The State,* 7 Cold., 516; *Ferrell* v. *The State,* 2 Lea, 25. If a verdict be so defective that a judgment cannot be rendered upon it, and the accused fail to have it corrected, or object to the jury being discharged, or to their verdict, the law will infer his consent thereto, and he may be again put upon trial as in case of

mistrial: *Id.* If his Honor, the trial judge, charged the jury that, in the event they found the defendant guilty, they might assess his punishment to fine or imprisonment, he was clearly in error. The record does not contain any bill of exceptions, and we cannot know what the charge was. The punishment prescribed by the statute is both imprisonment and fine.

The judgment will be reversed, and the cause remanded for a new trial of the defendant.