Morton *v.* State.

## MORTON *v.* STATE.

## (*Jackson.*    April 28, 1892.)

1. CRIMINAL LAW.    *Punishment for felonious assault.*

   M. was convicted of an assault with intent to commit voluntary manslaughter, and sentenced to one year's imprisonment in the penitentiary.    No fine was imposed.    The statute provides that persons convicted of this class of offenses shall "be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury."

   *Held:* The judgment is valid.    If imprisonment in the penitentiary is inflicted, no fine should be imposed; but in case of imprisonment in county jail, fine should be imposed in addition.

   Code construed: § 5379 (M. & V.); § 4630 (T. & S.).

   Cases cited and approved: McDougal *v.* State, 5 Bax., 661; Hayes *v.* State, 15 Lea, 65; Delacy *v.* State, 8 Bax., 401; Clark *v.* State, 86 Tenn., 512; Rafferty *v.* State, *post, p.* —.

   Cited and distinguished: Ragsdale *v.* State, 10 Lea, 671.

2. CRIMINAL PRACTICE.    *Omission in Court's charge erroneous, but not re versible, when.*

   Upon trial of a defendant under an indictment for felonious assault, the Court charged the jury correctly that they might convict him of simple assault, and that if they did so, and thought the offense merited a fine of more than fifty dollars, they should assess it.    The Court omitted to instruct the jury as to their duty if they should find the defendant guilty of simple assault and think his offense merited a fine of less than fifty dollars.

   *Held:* This omission constitutes error, but not reversible error, in a case where the defendant is convicted of the felonious assault and sentenced to the penitentiary.

   Code construed: §§ 6062, 6078 (M. & V.); §§ 5223, 5237 (T. & S.).

   Case cited and approved: Tarvers *v.* State, 90 Tenn., 499.

Morton *v.* State.

3. EVIDENCE. *Res gestæ. Declarations of third persons.*

Upon a trial for felonious assault, where the defendant insists that he fought in defense of himself and his wife's mother and sister against the assaults of the prosecutor and his wife, it is error to reject evidence offered on behalf of defendant that some one in the crowd exclaimed during the encounter: "Kill him! Don't let that nigger get back to the bottom. Kill him!" although the witness is unable to name the person who made the exclamation. This evidence is admissible as part of the *res gestæ*, and as tending to explain defendant's danger and situation.

FROM GIBSON.

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

COOPER & HARWOOD for Morton.

Attorney-general PICKLE and L. H. TYREE for State.

CALDWELL, J. John Morton, plaintiff in error, was indicted for an assault with intent to commit murder in the second degree. The trial jury found him guilty of an assault with intent to commit voluntary manslaughter, and assessed his punishment "at one year in the penitentiary." After overruling motions for new trial and in arrest, the Circuit Judge pronounced judgment in accordance with the verdict. Morton appealed in error.

It is earnestly contended, in behalf of the pris-

oner, that the verdict and judgment are without authority of law, and absolute nullities, because they limit the punishment to *imprisonment* alone, and do. not also impose *a fine* as a part of the punishment.

The statute under which the indictment was found and the conviction had is as follows: "If any person assault another with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury." Code (T. & S.), § 4630.

The insistence that this language requires the infliction of both fine and imprisonment in every case of conviction is accorded the merit of plausibility; yet, such is not the more reasonable construction. To our minds, the true and obvious meaning of the statute is that the convict shall be punished either by imprisonment *in the penitentiary*, without more, or by imprisonment *in the county jail and fine;* and, whether the one mode or the other shall be adopted is left to the discretion of the jury. If they think the crime merits confinement in the penitentiary, they must impose a sufficient term of imprisonment, not exceeding five years, to embrace the whole scope.

of punishment and cover the whole case; or, if they deem other punishment more in consonance with the demands of justice in the particular case, they may fix a term of imprisonment in the county jail not more than one year, and add to that a fine not exceeding five hundred dollars.

By a fair transposition of the last clause of the statute, all possible ambiguity is removed. This is illustrated in McDougal's case, where this Court, speaking through Judge Deaderick, said that an offense under this statute "is punishable by confinement in the penitentiary not exceeding five years, or, in the discretion of the jury, [by] imprisonment in the county jail for not more than one year, and by fine not exceeding five hundred dollars." *McDougal* v. *State*, 5 Bax., 661.

Numerous judgments upon just such verdicts as the one before us have been affirmed by this Court. See *Hayes* v. *State*, 15 Lea, 65; *DeLacey* v. *State*, 8 Bax., 401; *Clark* v. *State*, 2 Pickle, 512; *Rafferty* v. *State*, *post*, p. — (S. C., 16 S. W. R., 728).

In each of those cases a conviction was had and enforced under the statute here construed, though in each of them there was a penitentiary sentence *without fine*. It is proper to observe further, in reference to those cases, that the question here debated was not mentioned by the Court in any of them. They are not referred to as express decisions of that question, but as strongly persuasive of the correctness of our interpretation of the law.

Ragsdale's case is cited as authority for a contrary construction. The decision there made is fairly stated in the head-note, as follows:

" Where the verdict in a criminal case is not warranted by law, no valid judgment can be rendered on it—as, where the jury assess the punishment at a fine when the* law prescribes both fine and imprisonment for the particular offense— and the judgment will be reversed upon appeal by the State, and the cause remanded for new trial." *The State* v. *Ragsdale,* 10 Lea, 671.

In that case the jury found Ragsdale guilty of an assault with intent to commit murder in the second degree, and assessed his punishment at a fine of $500, without more. The trial Judge reduced the fine to $75, and rendered judgment for the latter sum. In the conclusion of the opinion, the Court said: " The punishment prescribed by the statute is both imprisonment and fine." *Ib.*, 673.

Though that language is general, and may well be said to embrace both jail and penitentiary punishments, it does not expressly state or decide the question raised here. Whether a penitentiary sentence, without fine, could be sustained under the statute was not in terms decided; nor does it affirmatively appear from the opinion that such a question was considered by the Court.

That the Court has not since understood that question to have been so decided in that case, seems to follow from the fact that in three later

cases (15 Lea, 65; 2 Pickle, 512; 16 S. W. R., 728), a contrary construction has been practically applied in the affirmance of penitentiary sentences with which fines were not assessed as a part of the punishment.

If that was a case for the infliction of a $500 fine, as the jury found it to be, then, as a part of the punishment, the statute required that imprisonment be imposed also—that imprisonment, however, to be in the county jail. In that view the decision was right; and to that view it is now limited.

The trial Judge properly instructed the jury that the defendant might be convicted of a mere assault, if they should believe from the evidence that he was guilty of that offense (Code, T. & S., § 5223); and, with respect to the punishment therefor, he said: "If you find him guilty of an assault simply, and should be of opinion that his offense merits a fine of more than fifty dollars, you will fix the fine and report it with your verdict." What return they should make, or what punishment would follow, in case they found him guilty of a simple assault and thought his offense did not merit a fine of more than fifty dollars, the jury were not informed.

In the conclusion of the charge, His Honor said: "If you find the defendant guilty of any one of the offenses herein defined [naming assault with intent to commit murder in the second degree, assault with intent to commit voluntary

manslaughter, and simple assault], you will fix his punishment within the limits hereinbefore directed."

Not having previously given the jury direction as to any punishment for a simple assault, except by fine in excess of fifty dollars, the latter instruction was tantamount to telling them that such offense was punishable alone by fine of more than fifty dollars, and that if they should find him guilty of such offense, they must assess his fine accordingly.

This was erroneous and misleading; the law being that a jury, finding a defendant guilty of a simple assault, and believing that he does not merit a fine of more than fifty dollars, may merely return a verdict of guilty, and leave the Court to assess the punishment. Const., Art. VI., Sec. 14; Code (T. & S.), § 5237.

But having been convicted of a higher grade of offense, the prisoner can take no advantage of that error. It is entirely immaterial, and affords no ground of reversal, since the jury found him guilty of an assault with intent to commit voluntary manslaughter, and the erroneous instruction related alone to the punishment of a mere assault. *Tarvers* v. *State*, 6 Pickle, 499.

The defendant was several miles from home, at church, when the difficulty in which he is said to have cut the prosecutor occurred. IIis theory of the matter, before the jury, was that he fought in self-defense, and in protection of his wife's mother and sister, whom he insists had been and were

being assaulted and abused by the prosecutor and his wife. In support of this theory, he sought to prove various facts, among them, that during the rencounter some one in the crowd was heard to say of the defendant: "Kill him! kill him! don't let that nigger get back to the bottom. Kill him!" He offered to prove by Polly Mack, who was present and witnessed the difficulty, that she heard some one in the crowd make this exclamation.

The Court rejected the evidence as incompetent because the witness was not able to state who used the language.

This ruling was erroneous. The rejected evidence was clearly competent as a part of the *res gestæ*, and as tending to show great hostility toward the defendant and the danger to which he was exposed.

Two other witnesses were afterwards allowed to state that they heard Smiley Jennings use the language in question; but that did not cure the error, for the defendant was entitled to the broadest proof he could make on that subject. Besides, the evidence of those two witnesses seems to have been admitted alone for the purpose of contradicting Smiley Jennings, one of the State's witnesses, who had previously denied the use of such language by himself.

Reversed and remanded.