Mitchell v. State.

## JIM MITCHELL v. STATE.

*(Nashville.* ·December Term, 1910.)

CRIMINAL LAW.  One convicted of assault with intent to com-
mit murder in the second degree may be imprisoned in county
jail for one year, to which must be added a fine.

A person convicted of an assault with intent to commit murder
in the second degree may be punished by imprisonment in the
county jail for not more than one year and by fine not exceed-
ing five hundred dollars under the statute contained in section
6471 of Shannon's Code, so providing; and such case is not gov-
erned by section 7206 of said Code, providing that no one con-
victed of a felony shall be imprisoned in the penitentiary for less
than twelve months, but the jury may, whenever of the opinion
that the offense merits less, punish by confinement in the county
jail for a less period; for, if the two statutes applied to the
same cases, there would be a conflict between them in this that
in the first case the punishment must be by imprisonment in
the county jail not exceeding one year and fine not exceeding
five hundred dollars; and in the second case, imprisonment in
the county jail for any period less than twelve months; the im-
prisonment in the first case is for one year or less, to which
must be added the fine, while in the second case, the imprison-
ment must be for less than twelve months, without fine.

Code cited and construed:  Secs. 6471, 7206 (S.); secs. 5379, 6072
(M. & V.); secs. 4630, 5232a (T. & S. and 1858).

Cases cited and approved:  Bolton v. State, 5 Cold., 650, 657; Davis
v. State, 6 Bax., 429; Morton v. State, 91 Tenn., 437, 439, 440.

FROM HUMPHREYS.

Appeal in error from the Circuit Court of Humphreys
County.—W. L. COOK, Judge.

H. C. CARTER, for Mitchell.

ATTORNEY-GENERAL CATES, for State.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

In this case the plaintiff in error was convicted of an assault with intent to commit murder in the second degree, and was sentenced to twelve months' confinement in the county jail and to pay a fine of $250. From this judgment he prayed and prosecuted an appeal to this court.

Error is assigned upon the following excerpt from the judge's charge, viz:

"If you are satisfied from the proof that such an assault, as explained under the definition of an assault with intent to commit murder in the second degree, has been made, you shall find the defendant guilty of an assault with intent to commit murder in the second degree, and fix his punishment at confinement in the penitentiary not less than one nor more than five years, or by punishment in the county jail at not more than one year and by fine not exceeding $500."

This charge was based on section 6471 of Shannon's Code, which reads as follows:

"If any person assault another with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the coun-

Mitchell v. State.

ty jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury."

It is insisted that the judge should have also instructed the jury according to section 7206, which reads as follows:

"In no case shall any person convicted of a felony be confined for a less period than twelve months in the penitentiary. Whenever, in the opinion of the jury, in any case the offense merits a less punishment than twelve months in the penitentiary, the jury may punish by confinement in the county jail for any period of time short of twelve months."

That is to say, it is urged that the judge should have instructed the jury that if, in their opinion, the offense merited a less punishment than twelve months in the penitentiary, they should have punished plaintiff in error by confinement in the county jail for any period of time short of twelve months.

It is noted that the last clause of section 6471 provides that the lowest punishment for the crimes covered by that section is "imprisonment in the county jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury."

Plainly, section 7206 does not apply to a case covered by section 6471. Under the section last mentioned a jury may fix the imprisonment in the county jail at one year or any time less than that, but must add to it a fine for some amount; while under section 7206 they may fix a period for any time short of twelve months, but cannot add a fine. So it is perceived that, if section 7206 should be

held to apply to cases covered by section 6471, it would be brought in conflict therewith. Construing the two sections as we have done, both are saved; their terms being directed to different subjects.

In the case of *Bolton* v. *State*, it was held that section 7206 (or the statute embraced therein) was passed for the purpose of giving to the jury the power of commuting the punishment in cases of petit larceny, and all other offenses where the punishment prescribed is as low as one year's imprisonment in the penitentiary, to imprisonment in the county jail for less than twelve months. 5 Cold., 650, 657.

In the case of *Davis* v. *State*, it was held that the section in question applied only to cases, where twelve months in the penitentiary was fixed as the minimum punishment. 6 Baxt., 429.

In the case of *Morton* v. *State*, it was held that under section 6471 the defendant might be punished by imprisonment in the penitentiary for one year. It was held that this was a valid judgment, but that, if the party had been imprisoned in the county jail under the last clause of the act, it would have been the duty of the jury to impose a fine. The court said:

"To our minds, the true and obvious meaning of the statute is that the convict shall be punished either by imprisonment in the penitentiary, without more, or by imprisonment in the county jail and fine; and, whether the one mode or the other shall be adopted is left to the discretion of the jury. If they think the crime merits confinement in the penitentiary, they must impose a suffi-

cient term of imprisonment, not exceeding five years, to embrace the whole scope of punishment and cover the whole case; or if they deem other punishment more in consonance with the demands of justice in the particular case, they may fix a term of imprisonment in the county jail not more than one year, and add to that a fine not exceeding five hundred dollars." 91 Tenn., 437, 439-440, 19 S. W., 225, 226.

These cases fully illustrate the difference between sections 6471 and 7206.

We think there was no error in the action of the trial court, and the judgment is affirmed.