State v. White.

STATE v. WHITE.

(*Jackson.*   April Term, 1915.)

1. INTOXICATING LIQUORS. Offenses.   Sentence and punishment. "At the discretion of the court." "And." "Or."

Under Acts 1905, ch. 422, sec. 1, making it unlawful to buy for another any intoxicating liquors within four miles of any schoolhouse, and the violation thereof a misdemeanor, punishable upon conviction by a fine "and imprisonment for a period of not less than thirty days nor more than six months, at the discretion of the court," the conjunction "and," while ordinarily expressing the relation of addition, has the meaning "or," and the words "at the discretion of the court" give the court a discretion as to whether imprisonment shall be assessed. (*Post,* p. 205.)

Acts cited and construed:   Acts 1905, sec. 1.

Constitution cited and construed:   Art. 6, sec. 14.

2. CONSTITUTIONAL LAW. Statutes.   Construction to sustain validity.

In cases of doubt, the court will give that construction to an act which will sustain its validity and constitutionality, instead of destroying it, when that can reasonably be done. (*Post,* p. 206.)

3. JURY.   Right to jury.   Assessment of punishment. "Court."

In Acts 1905, ch. 422, sec. 1, punishing sales of liquor near a schoolhouse by a fine of not less than $10 or more than $100, at the discretion of the court, the word "court" includes both court and jury, so that provision for fine for as much as $100 does not violate Const. art. 6, sec. 14, requiring fine of more than $50 to be assessed by jury. (*Post,* p. 206.)

Cases cited and approved:   Railroad v. Crider, 91 Tenn., 490; State ex rel. v. Schlitz Brewing Co., 104 Tenn., 729.

Case cited and distinguished:   Morton v. State, 91 Tenn., 439.

State v. White.

FROM CROCKETT.

Appeal from the Circuit Court of Crockett County.—
THOS. E. HARWOOD, Judge.

W. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

No council of record for defendant.

MR. JUSTICE FANCHER delivered the opinion of the
Court.

The defendant, Arch White, was convicted of the of-
fense of unlawfully buying for another intoxicating liq-
uors within four miles of a schoolhouse, which is a vio-
lation of Acts 1905, chapter 422. Judgment was ren-
dered upon the verdict of the jury that the defend-
ant pay a fine of $30 and the costs of the case.

The judgment recites that the "court declines to as-
sess any confinement of the defendant," to which action
of the court in refusing to assess at least as many as
thirty days' confinement, according to said act of 1905,
the attorney-general on behalf of the State excepted
and prayed an appeal to the present term of this court.
Section 1 of said act is as follows:

"Be it enacted by the general-assembly of the State
of Tennessee, that hereafter it shall be unlawful for
any person to buy for another any intoxicating liquor
from any person within four miles of any schoolhouse,

public or private, in Tennessee, where a school is kept, whether the school be then in session or not, and that any one violating the provisions of this act shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine, for each offense, of not less than ten dollars nor more than one hundred dollars, and imprisonment for a period of not less than thirty days nor more than six months, at the discretion of the court.''

It is stated in the brief of the attorney-general for the State at large that he is of opinion that the trial judge was correct in determining that the imposition of a jail sentence upon the defendant was within his (the trial judge's) discretion, and not mandatory. However, for the purpose of having the statute construed and the matter determined, the attorney-general assigns as error the action of the trial judge in declining to assess an additional punishment of confinement in the county jail.

We think the trial judge construed the act properly, and that the matter of imprisonment is at the discretion of the court.

This act provides for a fine of not less than $10 nor more than $100, and imprisonment for a period of not less than thirty days nor more than six months, at the discretion of the court.

Now, what is meant in this statute by the expression ''at the discretion of the court?'' It was unnecessary to say that the assessment of a fine from $10 to $100 was in the discretion of the court; because that is

implied, and it is not usual in statutes to add the un-
necessary provision that the assessment of the amount
of the fine is at the discretion of the court when the act
states a maximum and minimum fine. Nor was this
expression necessary to make clear that the fixing of
the term of imprisonment from thirty days to six
months was at the discretion of the court, because the
mere statement of a maximum and a minimum imposed
a discretion on the court.

These words were not added to the statute for the
purpose of putting the discretion in the judge, instead
of the jury, for the reason that under such construction
this act would be violative of article 6, section 14, of
the constitution, which provides that no fine shall be
imposed on any citizen of this State that shall exceed
$50, unless it shall be assessed by a jury of his peers.
This act provides for a fine as high as $100.

It is well settled that the court will in cases of doubt
give that construction to an act which will sustain its
validity and constitutionality, instead of destroying it,
when this can reasonably be done.

The fine must be assessed by the jury if it is fixed
at over $50.

So the word "court," as here indicated, is not a des-
ignation of the presiding judge, but the term is used in
a collective sense, indicating the tribunal before which
the conviction should be had, and including both court
and jury. *Railroad* v. *Crider*, 91 Tenn., 490, 19 S. W.,
618; *State ex rel.* v. *Schlitz Brewing Co.*, 104 Tenn., 729,
59 S. W., 1033, 78 Am. St. Rep., 941.

State v. White.

The conjunction "and," as here used in the phrase "and imprisonment for a period of not less than thirty days nor more than six months," would clearly indicate that both fine and imprisonment are imperative, but for the closing phrase, i. e., "at the discretion of the court." Ordinarily, the word "and" expresses the relation of addition, but it is frequently construed as meaning "or," provided the context favors the conversion. 2 Cyc., 286.

It therefore becomes necessary, in order to give meaning to the term "at the discretion of the court," to refer it as granting to the court a discretion as to whether imprisonment shall be assessed.

In *Morton* v. *State,* 91 Tenn., 439, 19 S. W., 225, the court construed a provision of the statute providing that persons convicted of certain offenses shall be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding $500, at the discretion of the jury. It was held that the obvious meaning of that statute was that the convict shall be punished either by imprisonment in the penitentiary without more, or by imprisonment in the county jail and fine; and whether the one mode or the other shall be adopted is left to the discretion of the jury. It was clear in that case that the conjunction "and" indicated an imperative double punishment of fine and imprisonment, and the discretion there given was as to whether the punishment should be a penitentiary sentence alone, or whether it should be by fine and im-

prisonment. Thus the words in that act were given a distinct meaning. The words were not useless, but served a purpose in indicating a discretion in the two modes of punishment. That statute applied to felonies, but the jury was given a discretion as to whether they would sentence the offender to the penitentiary or whether he would be committed to jail.

In the present case the provision giving a discretion to the court would be useless unless it is referred to the discretion as to whether imprisonment shall be added to the punishment by fine.

We are constrained to find that this is the legislative intent or meaning of the words also from the nature of this offense.

It is no crime at all under our law for an individual to buy intoxicating liquor for himself, and before the enactment of this statute, when acting in good faith, any person could buy intoxicating liquor for another. But the legislature, in order to further strengthen and fortify the four-mile law in this State, which has been a progressive law, intended here to punish those who aided in the procurement of intoxicating liquors by buying for another.

We think a discretion should be and was given to the court as to whether upon a conviction for this new offense, imprisonment should be imposed. If the facts indicated that the purchasing of whisky was by a bootlegger or violator of the temperance laws, it might become very necessary that he be given a jail sentence in addition to a fine. But if it were a mere technical

State v. White.

violation, one person acting thoughtlessly for the accommodation of another person without evil intent, it might be an inhuman thing to visit upon him a jail sentence. Evidently that was the case in the present instance. Arch White was convicted and fined $30, but the court declined to assess any imprisonment, exercising a discretion not to do so. We assume that the merits of the case prompted this action on the part of the court.

Therefore, in giving the act the construction we have, we enable the court to carry out the provisions of the law in a reasonable and humane way without excessive or extreme punishment being inflicted; we give meaning to the words "at the discretion of the court," which without this construction would serve no purpose. We also render the act valid and constitutional when we hold that the discretion of the court does not refer to a discretion of the judge, as distinguished from that of the jury, thus rendering valid that provision of the act which allows a fine of as much as $100.

The assignment of error is therefore overruled, and the judgment of the circuit court affirmed.