ALEXANDER *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

FRANKLIN PARK, of Jefferson City, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error, who will later be referred to as the defendant, was indicted by the grand jury of Hamblen County upon two charges, (1) driving an automobile while under the influence of whisky, and (2) driving an automobile in such a reckless manner as to endanger the lives of other persons. Before he was put to trial upon the indictment he filed a motion that the jury fix his punishment both as to fine and imprisonment under Chapter 82 of the Public Acts of 1947. The jury after hearing all the proof and the charge of the court returned a verdict "that defendant pay a fine of $25.00 for driving while under the influence of an intoxicant and *30 days in jail suspended.*" He was acquitted of reckless driving.

The trial judge declined to enter a judgment suspending the sentence of 30 days in the county jail but imposed a sentence of 30 days in jail in addition to the fine.

A motion for a new trial was seasonably made and overruled, following which an appeal was prayed and

granted to this court. It appears from the record that the fine and cost in the trial court have been paid. The only question made on this appeal is that the trial judge committed error in not entering a judgment in accordance with the jury's verdict, that is a suspension of the jail sentence of thirty (30) days.

The motion for a new trial contains the following as the only ground, to wit:

"Comes the defendant and moves the Court for a new trial as to the imprisonment of thirty days or motion that the Court vacate his judgment of imprisonment.

"First, Because as provided by the Acts of 1947 the defendant plead not guilty and asked the jury to fix and assess both the punishment and the fine.

"Second, The Jury returned a verdict of guilty and assessed a fine of $25.00 and fixed his imprisonment at a period in the work house but suspended said imprisonment. But the Court imposed thirty days imprisonment and the defendant asked the court to vacate and set aside said judgment of imprisonment because the jury had a right under the Act referred to to suspend said imprisonment as the Act provides that the Jury fix the punishment both as to fine and imprisonment, and the suspension of said imprisonment by the Jury was a part of the Jury's verdict, and the defendant insists that the Circuit Court had no right to interfere with said verdict by placing the imprisonment on the defendant."

█ █ We think the counsel for the defendant is mistaken in the view that it was the legal duty of the trial judge to suspend the sentence. There can be no doubt but that the trial judge alone has the power to suspend a sentence fixed by the jury. It is the exclusive duty of the jury to fix the punishment, when so requested by the

defendant, Chapter 82, Acts of 1947. But no authority is vested in the jury to suspend a sentence. The learned trial judge should not have accepted the verdict of the jury. It was not a legal verdict in that the jury undertook to do that which it had no right to do, viz. to suspend a sentence. The trial judge should have called their attention to the fact that they could not suspend a sentence and to retire and consider further of their verdict. The verdict being illegal the trial court could pronounce no judgment upon it. In *State* v. *Ragsdale,* 78 Tenn. 671, it was held: "Where the verdict in a criminal case is not warranted by law no valid judgment can be rendered on it". Also in *Murphy* v. *State,* 47 Tenn. 516, 519, it was said: "The Court could render no judgment except in accordance with the verdict. It had no power to change the verdict".

Under all our cases the trial judge must pronounce judgment upon the verdict, provided it is a legal verdict. No court would undertake to enter judgment upon a verdict not clearly authorized by law.

Pursuant to the enactment of Chapter 82 of the Acts of 1947 the trial judge has no authority to add anything to the verdict of the jury. *Brewer* v. *State,* 187 Tenn. 396, 215 S. W. 2d 798, 800. The verdict of the jury of *"thirty days in jail suspended"* was a nullity, *Waddle* v. *State,* 112 Tenn. 556, 82 S. W. 827, because it was wholly unauthorized by law.

The case of *McCall* v. *State,* 167 Tenn. 329, 69 S. W. 2d 892, has no application to the instant case. In that case the jury undertook to impose a workhouse sentence, in addition to a fine of $100.00, upon a conviction of assault and battery, which was held to be surplusage. In the instant case the trial judge added a jail sentence when

the question of fixing the defendant's punishment was wholly beyond his power. What the trial judge did was to accept the verdict in part and reject it in part, or add to it, when such a verdict in the eye of the law amounts to no verdict at all. It results that the thirty day jail sentence is set aside and for nothing held. The costs of the appeal are adjudged against the State.

All concur.