ROBERT HARTMANN, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

*(Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

BARKSDALE, HUDGINS & OSBORN, Nashville, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

Plaintiff in error, hereinafter called defendant, was jointly indicted with one Robert Hough in a one count indictment charging them with armed robbery of $8 in United States currency from one Palmer Milton Ransom. The defendant Hartmann entered a plea of not guilty. The jury found defendant Hartmann guilty of petit larceny and assessed his punishment at confinement in the county workhouse for a period of "not less than nine (9) months." The appeal has been perfected to this Court and numerous errors assigned.

The case must be reversed on one ground which is assigned as error and was incorporated in the motion for new trial. Accordingly it is unnecessary and improper to make any comment as to the facts and it is not necessary to discuss any of the other assignments of error.

The fourth assignment is as follows: "The findings and sentence of the jury are erroneous and void in that the sentence did not include a fine as required by the Official Tennessee Code Annotated, 1956, Sec. 39-4205."

Said Code section provides as follows:

"In all cases of petit larceny, and in all prosecutions for receiving stolen goods under the value of sixty dollars ($60.00), the court may, in the event of conviction, on the recommendation of the jury, substitute, in lieu of punishment in the penitentiary, fine and imprisonment in the county jail."

■ There is no ambiguity about this statute. The Court on the *recommendation of the jury* may do one of two things: either mete out a penitentiary sentence, or in lieu thereof, it may assess both a fine and fix a term in the county jail. The fine and imprisonment in the county jail are conjunctive and cannot fairly be construed to be disjunctive or alternative.

■ The instant case is quite analogous to *State v. Ragsdale*, 78 Tenn. 671. There the defendant was indicted for murder in the first degree but found guilty of an assault with intent to commit murder in the second degree and his punishment was fixed at a fine of $500 and costs. The trial judge reduced the fine to $75 and costs. The statute provided that the offense of which he was convicted was punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding $500, *at the discretion of the jury.*

The Court said:

"The statute clearly prescribes that the punishment shall be by imprisonment, either in the penitentiary or the county jail, and fine. The verdict was, therefore, not warranted by the law, and no judgment could be rendered on it. (Citing cases)."

16

A similar situation existed in *Morton v. State,* 91 Tenn. 439, 19 S.W. 225, which case is referred to and distinguished in *State v. White,* 132 Tenn. 203, 177 S.W. 478, 479, a case relied on by the State. The relevant statute in the Morton case provided that the offense there should be punishable by imprisonment in the penitentiary not to exceed five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding $500, at the discretion of the jury.

In the White case, in commenting on the Morton case, the Court said:

"It was held that the obvious meaning of that statute was that the convict shall be punished either by imprisonment in the penitentiary without more, or by imprisonment in the county jail and fine; and whether the one mode or the other shall be adopted is left to the discretion of the jury. It was clear in that case that the conjunction 'and' indicated an imperative double punishment of fine and imprisonment, and the discretion there given was as to whether the punishment should be a penitentiary sentence alone, or whether it should be by fine and imprisonment. Thus the words in that act were given a distinct meaning. The words were not useless, but served a purpose in indicating a discretion in the two modes of punishment. That statute applied to felonies, but the jury was given a discretion as to whether they would sentence the offender to the penitentiary or whether he would be committed to jail."

Those cases have been repeatedly approved over the years by the Court and are determinative of this case.

The statute in the White case, supra, (Ch. 422, Acts of 1905) dealt with a misdemeanor only and the pertinent language was "and upon conviction shall be punished by a fine, for each offense, of not less than ten dollars nor more than one hundred dollars, and imprisonment for a period of not less than thirty days nor more than six months, at the discretion of the court." The Court there properly construed the word "and" to mean "or", that is, the Court was given the discretion to award either a fine or imprisonment.

A verdict unwarranted by law is insufficient to support a judgment. *Alexander v. State,* 189 Tenn. 340, 343, 225 S.W.2d 254.

Reversed and remanded.