CLARENCE E. VANDERGRIFF, Plaintiff in Error,

*v.*

STATE, Defendant in Error.

(*Knoxville*, September Term (May Session), 1959.)

Opinion filed September 9, 1960.

F. W. HEADMAN, Knoxville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

Prosecution for embezzlement. The Criminal Court, Knox County, J. Fred Bibb, Criminal Judge, entered judgment of conviction and defendant brought error. The Supreme Court, Swepston, Justice, held that giving of charge which was an erroneous statement of the law, to effect that where an employee leaves his employer's money in custody of another whom he makes his agent, and the agent uses the money for his personal use, the

employee is not relieved of criminal liability and such conduct on the part of the employee's agent is not a defense to a charge of embezzlement, was prejudicial error.

Judgment reversed and case remanded for new trial.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Plaintiff in error Clarence E. Vandergriff, hereinafter called the defendant, was convicted for embezzlement and sentenced to serve 10 days in the Knox County Workhouse. Due to the fact that we deem it necessary to reverse this case, little need be said except on two points.

The defendant was employed to collect money from automatic coin-operated vending machines and report weekly to his employer and account to him for the money less his automobile expense. He was on a salary. Normally he made his report on Saturday evening. On a Monday morning the wife of the defendant reported to the employer that the defendant's expense vouchers, keys, money, etc., had been left with her by the defendant who had accepted another job in another city. The defendant sent another agent to pick up these things from the defendant's wife, who delivered them to him and when he turned the money over to the employer it turned up short $24.75.

The wife testified that she took $25 out of the bag after her husband had left town and paid the house rent with it which was overdue. The defendant testified that he knew nothing about that fact and did not authorize the same.

The court charged the jury as follows:

"Where a person who is an employee leaves the employer's money in custody or possession of another who he makes his agent and the agent absconds or uses the money for their personal use or for any other purpose except to pay to the employer, you are hereby instructed that the employee is not relieved either of civil or criminal liability and such conduct if any on the part of the employee's agent is no defense to a charge of embezzlement."

Except for the giving of this charge the jury could well have disbelieved the testimony of both the husband and the wife and rendered their verdict on that basis. In the light of this charge, however, this Court cannot determine whether the jury found that both husband and wife were telling the truth but that the law held the husband accountable under the language of the judge's charge.

Therefore, we think this was reversible error because the charge is a positively erroneous statement of the law. The general rule is discussed in 35 Am.Jur., 1041, Sec. 601, under the head of Master and Servant. It is there said:

"The legal relation of employer and employee or principal and agent does not of itself impose upon the employer or principal any criminal responsibility for the acts of the employee or agent, that is, the law does not recognize any agency for the commission of criminal acts. Nor, on the theory of the ratification of the agent's or employee's conduct, may the principal or employer be held to be criminally responsible. The broad general rule is that unless liability has been imposed by statute, a master is not responsible for any

criminal acts or misdeeds of his servants, unless he in some way participates in, counsels or approves of what the servant does, or, as it is sometimes put, unless he counsels, commands, aids, or abets, or procures the commission of, the act, yet there can be no doubt that under many circumstances the master and employee may be held liable criminally for an act committed by the hand of his servant or agent." (It then recites example such as procuring the commission of a crime or requesting it or participating in some way). "But responsibility in these situations is not imposed upon the principal or employer in accordance with the rules governing his liability for the acts of his agent or employee. * * *"

The statements in the following section 602 do not change the above stated general rule.

This judgment must be reversed and the case remanded for a new trial.

The Attorney General calls attention to the fact that this judgment of conviction did not include a fine and is, therefore, in violation of T.C.A. sec. 39-4205 which is dealt with in *Hartmann v. State,* 205 Tenn. 13, 325 S.W. 2d 279. If there is a new trial and another verdict of guilty, this statute should be taken into consideration for the reasons stated in the above cited opinion.