Caruthers, J.,
delivered the opinion of the Court.
This is an appeal in error from the County Court of Knox. The ground assumed for -reversal is, that the Judge of that Court had no jurisdiction, because the act under which he was elected, is in violation of the constitution, and if not, his election was void for irregularities. The case is brought up avowedly to test those questions; and without stopping to enquire as to the mode by which these questions are raised and brought before us, no objections being made as to that, and as it is important to the public and individuals, to settle, as early as practicable, whether this officer can legally perform the duties assigned to him, we have thought it proper to settle the questions presented at this time.
At an [ early day. of the last session of the Legislature, 4th of November, 1857, the general act of 22d February, 1856, creating the (ffice of County Judge for each county in the State, was summarily repealed.
*512 On the 18th February, 1858, ch. 88, the office was re-established for the counties of Davidson, Shelby, Knox, Montgomery and Williamson, and the powers and duties prescribed, very much of the same character and extent of those conferred upon the same officer under the previous act. These judges were to be elected by the people for eight years, on the same day with other county officers, and by the same voters.
By an act of the same session, ch. 90, passed March 20, 1858, “ exclusive original jurisdiction of all criminal offences under the grade of petit larceny, committed” in the county of Knox, is conferred upon the County Court. The indictments and presentments are to be found by the grand jury in the Circuit Court, and then transferred to the County Court for trial. The said County Judge is to hold terms of the County Court on the second Mondays of February, June and October, for the purpose of trial by jury of all such transferred cases. The Attorney General of that circuit is to prosecute for the State as in the Circuit Court. Before this Court, the defendant was tried, convicted and fined, at the June Term, 1858.
1. It is contended that the act of February, 1858, violates the 7th sec. of art. 11 of the constitution, against partial legislation, as it is limited to a few counties, and has not a general and equal application to the whole State. We think the act is not obnoxious to this objection. The policy of marring the uniformity and symmetry of a general system, by the establishment of these local courts, may well be questioned, but that the power to do so abides in the Legislature, we cannot doubt. They have exercised it in establishing a Criminal as well as a *513 Common Law and Chancery Court, at Memphis; at Nashville a Criminal Court; a Common Law Court in Chattanooga, and perhaps in other instances. The constitutionality of these acts has never, as we are aware, been questioned, although they have exercised jurisdiction of the lives and fortunes of individuals. Such acts are not partial in the sum of the clause referred to. The office created, is open to all the citizens equally, in the prescribed limits, and the jurisdiction conferred operates on all alike, who may fall within its range. That provision, it is presumed, only has reference to acts conferring privileges and benefits, affecting rights, or imposing penalties. It is with the Legislature to determine how many, and what kind of Courts are required, for the administration of justice, and what shall be the character and limits of the jurisdiction of each. They .may likewise christen the presiding officer with any name or title they may consider most appropriate. They might have denominated the officer in question, a chairman, a chief squire, a president or presiding officer, as well a judge. This could not affect the validity of the act by which he was brought into existence, or the extent of his jurisdiction.
2. This act is not violative of that clause in the recent amendment of the constitution, by which the election of judges is given to the people, which forbids the election to be held on the same day with the general elections. True, this judge is to be elected on the same day of other county elections, but the constitution had no reference to the election of county officers, no matter by what name called, in the provision made for the election of the regular judicial officers of the State. In *514 the creation of any such county office, the Legislature was free to prescribe the time for the election of the incumbent.
3. The act conferring this jurisdiction upon the County Court, provides that the Attorney General of the circuit embracing Knox, shall prosecute in the County Court. It is insisted that this could .not be done, as he was not elected for that purpose by the people. But he was elected and commissioned to prosecute for the State, all criminal charges, in the circuit, no matter to what Court they may be assigned in the partition of jurisdiction.
Various objections are taken to the notice, advertisement and other such matters of irregularity in the election of this officer. We cannot look back to those things, in determining upon the validity of the acts performed by any officer when he is, in fact, exercising the functions assigned to him by law. All those questions are settled and closed by the Governor's commission.
This is an anomalous tribunal, and its construction and jurisdiction are unique; but we cannot say it is unconstitutional.
There is no legal objections to the judgment, and it will be affirmed. .