Rose *v.* The State.

## ELLIS ROSE *v.* THE STATE.

CRIMINAL LAW. *Small offense law..* If a defendant is brought before a justice upon a warrant for a felonious assault, the justice, if the defendant be not guilty of the felonious assault, may receive a plea of guilty of an assault and battery and fine the defendant under the small offense law.

### FROM FAYETTE.

Appeal in error from the Circuit Court of Fayette county. T. J. FLIPPIN, J.

STAINBACK & RIDDICK for Rose.

ATTORNEY-GENERAL LEA for the State.

MCFARLAND, J., delivered the opinion of the court.

The defendant was indicted for an assault and battery, with intent to commit murder. He pleaded not guilty of the felony charged, and to the misdemeanor included in the indictment, to-wit, assault and battery, he pleaded a former conviction before a justice of the peace; the plea, however, showing that the warrant upon which he was brought before the justice charged him with a felonious assault. The attorney-general demurred to the plea upon the grounds: 1st, that upon such a warrant the justice had no jurisdiction to receive a plea of guilty and impose a fine; and 2d, that the plea was in no event an answer to the in-

dictment.    The court sustained the demurrer;    the defendant was tried upon the plea of not guilty, acquitted of the felony, but found guilty of assault and battery, and fined $25, and has appealed in error.

There is no doubt that a plea setting up a valid proceeding in which the defendant has been punished under the small offense law (Code, sec. 4994) is a good plea to the same misdemeanor included in the indictment for a felony.    If the case of *Hodges* v. *The State,* 5 Cold., 7, was intended to hold otherwise, it is not only overruled in this respect by the case of *Mikels* v. *The State,* 3 Heis., 321, but in addition, the act of 1870–71, ch. 27, sec. 3.    Thompson & Steger's Code, sec. 5211 *d,* expressly authorizes such a plea.    It is not insisted that the former conviction is an answer to the felony charged, but as under such indictments for felony, the defendant may be convicted for the misdemeanor or lesser grade of the offense, he may plead not guilty of the felony and plead the former conviction as to the misdemeanor, so that if he be acquitted of the felony, the former conviction may be a bar to any further punishment for the misdemeanor.

The only question, therefore, to be considered upon this record is whether, according to the averments of the plea, the justice had the jurisdiction to receive a plea of guilty of assault and battery, and punish the defendant under the small offense law?    Section 4994 of the Code confers jurisdiction on the justice when "any person is brought before him for a misdemeanor." The plea sets out that the warrant upon which the defendant was brought before the justice, charged him

with "an assault with . intent to kill." Hence it is argued, that under such warrant the justice only had jurisdiction to hold the defendant in custody or under bond to answer for the felony before the circuit or criminal court if the evidence be considered sufficient, or if not, to discharge nim altogether. That in the event the justice be of opinion that the evidence is not sufficient to bind the defendant to court upon the felony, but is sufficient to make out the misdemeanor, the justice has, nevertheless, no jurisdiction either to bind the defendant over, or otherwise take jurisdiction of the misdemeanor, without a new warrant charging the misdemeanor; that the sections of the Code 5222, 5223, authorizing conviction for the lesser offenses included in the charge of the greater, do not apply to proceedings before justices of the peace. Such seems to be the reasoning in the case of *Hodges* v. *The State,* before referred to, but as we have seen, the authority of that case is greatly shaken, if not overthrown, by the case of *Mikels,* 3 Heiskell.

If a person be brought before a justice upon a warrant charging a felonious assault, and the justice upon hearing the evidence be of opinion that a felony has not been committed, but that the defendant is guilty of an assault or assault and battery, we think it may well be said that the person has been brought before the justice *"for a misdemeanor,"* and that the justice has all the jurisdiction conferred in misdemeanor cases, by the very letter of the statute.

It would not be the duty of the justice in such cases to discharge the defendant altogether, nor do we

Rose *v.* The State.

see the necessity of a new warrant. The defendant might be held to answer the misdemeanor, and if so, the plea of guilty in a proper case may as well be received as if the warrant had charged only the misdemeanor.

If, as we have seen, it turns out the defendant is really guilty of a felony, he may be indicted and tried accordingly. Or, if the misdemeanor be of the class specified in sec. 5001 of the Code, the justice can only hold the defendant in custody or bonds to answer the charge at court. Or, if the conviction before the justice be collusively had, or has been otherwise improperly conducted, this may be shown upon a replication to the plea.

It may be that inadequate punishment is sometimes administered by justices of the peace in such cases, but this is a matter for the consideration of the Legislature.

If the offense committed be only a misdemeanor, and the party has been punished under a valid proceeding and in accordance with the law, it is contrary to the very letter of the constitution to punish him again.

The judgment must be reversed, the demurrer to the plea overruled, and the case remanded.

Reversed.