## METZNER *v.* STATE.

### (*Jackson.* April Term, 1913.)

1. **JURY.  Waiver.  Effect as to punishment.**

Under Const., art. 6, sec. 14, providing that no fine shall be laid on any citizen exceeding $50, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than $50, a person indicted for selling intoxicating liquors within four miles of a schoolhouse under Acts 1909, ch. 1, fixing the punishment therefor at a fine of not less than $50 nor more than $500, who waived a jury trial, could not be sentenced by the trial judge to pay a fine of more than $50, since the constitution has conferred upon juries exclusive jurisdiction to levy a fine exceeding that amount, and such jurisdiction cannot be conferred upon any other tribunal by consent or waiver of the parties.  (*Post, p.* 46.)

Acts cited and construed:  Acts 1909, ch. 1.

Constitution cited and construed:  Const., sec. 14, art. 6.

2. **JURY.  Trial by jury.  Waiver in misdemeanor cases.**

The defendant in a misdemeanor case, may waive a jury trial. (*Post, p.* 47.)

Cases cited and approved:  In re McQuown, 19 Okla., 347.

---

FROM TIPTON.

---

Error from Circuit Court, Tipton County.—S. J. EVERETT, Judge.

SHERROD SMITH, for plaintiff in error.

W. W. FAW, Assistant Attorney-General, for the State.

Mr. Justice GREEN delivered the opinion of the Court.

The plaintiff in error was indicted for the offense of selling intoxicating liquors within four miles of a schoolhouse. The case was tried before the circuit judge without a jury, and Metzner was found guilty. The judge sentenced him to six months' imprisonment, and imposed a fine upon him of $400. Metzner has brought his case to this court, and the only question made here is the right of the court to impose upon him a fine of this amount.

Chapter 1 of the Acts of 1909, prescribing the penalty for this offense, provides for a fine of not less than $50, nor more than $500, and imprisonment for not less than thirty days nor more than six months.

Section 14 of article 6 of the constitution of Tennessee is as follows:

"No fine shall be laid on any citizen of this State that shall exceed $50, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than $50."

In behalf of the State it is insisted that, the plaintiff in error having waived a jury trial below, the trial judge thereby became vested with all the functions and powers of a jury in respect to the trial of this particular offense, including the right of imposing any fine which the jury might have imposed for a violation of the particular statute.

Metzner v. State.

The section of the constitution quoted seems to confer upon a jury the exclusive right of assessing a fine in excess of $50. The language is that no fine exceeding that amount shall be imposed, unless assessed by a jury.

In our opinion, this constitutional provision withholds from the court or judge the right to inflict fines exceeding $50, and confers upon the jury exclusive power or jurisdiction to impose fines above that sum.

While it is settled in this State that a defendant in a misdemeanor case may waive a trial by a jury, we do not think by such a waiver he can confer on the judge power or jurisdiction plainly withheld from the judge by the constitution.

This is a matter of jurisdiction. Jurisdiction is conferred by law, and cannot be conferred by consent.

Power or jurisdiction to inflict a fine exceeding $50 having been by law conferred upon a jury alone, and withheld from the judges, no waiver or consent of parties can be invoked to endow a judge with this jurisdiction.

"It is a maxim in the law that consent can never confer jurisdiction, by which is meant that the consent of parties cannot empower a court to act upon subjects which are not submitted to its determination and judgment by the law. The law creates courts, and upon consideration of general public policy defines and limits their jurisdiction, and this can neither be enlarged nor restricted by the act of the parties." Cooley's Const. Lim. 398.

In all jurisdictions, practically, it is held that a defendant cannot waive a jury trial in a felony case. The strongest reason given for this rule is that a jury is an essential part of the court having jurisdiction to try such offenses, and such jurisdiction cannot be conferred by consent of parties upon a court organized without a jury. 24 Cyc., 150; *In re McQuown,* 19 Okla., 347, 91 Pac., 689, 11 L. R. A. (N. S.), 1136. See note under this case in 11 L. R. A. (N. S.), 1136, where many authorities are collected.

So, under the constitution of Tennessee, a jury is the only tribunal upon which jurisdiction to levy a fine exceeding $50 is conferred, and such jurisdiction cannot be conferred upon any other tribunal by consent or waiver.

In *France* v. *State,* 6 Baxt., 478, it was held that the constitutional provision quoted was intended as a restriction upon the power of the courts or judges, and was not intended as a limitation upon the power of legislation; that, where the legislature had peremptorily fixed the fine at $500 for every violation of a particular offense, the court might impose that fine without the interposition of the jury.

This holding was very much weakened by the dissent of Judge Turney; but, in any event, there is nothing in *France* v. *State* conflicting with what we have said above. In that case it was distinctly recognized that section 14 of article 6 of the constitution prohibited a judge from imposing a fine exceeding $50 in cases

where the court had a discretion in fixing the amount of the fine.

We conclude that the learned circuit judge exceeded his authority in undertaking to assess this fine against plaintiff in error, and the judgment will be corrected by reducing the amount of the fine to $50. As corrected, said judgment will be affirmed, with costs.