## PATTON et al. v. UNITED STATES.
### No. 8177.

Circuit Court of Appeals, Eighth Circuit.
July 1, 1930.

See also 30 F.(2d) 1015.

Claude Nowlin and M. M. Thomas, both of Oklahoma City, Okl. (J. R. Spielman, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Fred A. Wagoner and William P. Kelley, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

KENYON, Circuit Judge.

Plaintiffs in error were indicted in the District Court of the United States for the Western District of Oklahoma upon eight counts, the first charging a conspiracy to commit an offense against the United States in violation of section 39 of the Penal Code (18 USCA § 91), by arranging for and assisting in carrying out a plan to bribe one Charles Buzzi, a federal prohibition agent of the United States, in order to obtain protection and immunity from arrest for violations of the National Prohibition Act (27 USCA).

Counts 2 to 8 each charge the payment of $500 by plaintiffs in error to Charles Buzzi

for protecting them in their violation of said act, each of said payments buying protection for a period of two weeks.

Plaintiffs in error were convicted on all counts and duly sentenced by the court, the order providing that the sentence of confinement imposed on the plaintiffs in error in the fourth, fifth, sixth, seventh, and eighth counts, respectively, should run concurrently with sentences of confinement imposed on the second and third counts.

A number of propositions were presented to this court on behalf of plaintiffs in error.

First. That the judgment and sentence of the trial court was void because based on the verdict of an unlawfully constituted jury.

Second. That the bribery charges set forth in the indictments in counts 2 to 8 constituted but one offense of a single bribe.

Third. That the trial court erred in overruling the requested instructions of plaintiffs in error as to the defense of entrapment.

Fourth. That the instructions given by the trial court on the subject of entrapment were erroneous, contradictory, and incomplete, and not sufficient to advise the jury as to rights of plaintiffs in error under this defense.

We discuss these points in the inverse order of their presentation. There were no exceptions taken to the instructions of the court on the subject of entrapment, and there is no assignment of error covering the same. We pass this, therefore, especially in view of the fact that a discussion of the proposition of error in refusing to give requested instructions would cover the same.

Plaintiffs in error requested certain instructions upon the subject of entrapment, which, while somewhat reiterative, were in harmony with the law as laid down by this court. The law as to entrapment is well understood, and has so often been stated by this court that there is no use in trying to add anything to what has been said on the subject.

The government witnesses testified that plaintiffs in error approached them with proposals to give a bribe to secure federal protection. Some of the plaintiffs in error testified that they were approached by the government agents, and that these agents made proposals to them which, in the light of subsequent conditions, were apparently attempts to entrap them. Evidently the jury believed the testimony of the government witnesses. The court instructed the jury that if the defense of entrapment prevailed all the plain-

tiffs in error were entitled to be acquitted, and as a general summary of·the matter stated: "As the government has the burden of proof, if you have a reasonable doubt in the case of any defendant of his being lured by entrapment into the commission of any of the offenses charged, when theretofore he had no such intention, he is not guilty of any offense."

There was plenty of evidence for the jury to believe that the plan of bribing Buzzi originated with plaintiffs in error, and that all the officers did, if anything, was to give an opportunity to plaintiffs in error to carry out their scheme of bribery. . This would not constitute entrapment.

In extended instructions, such as were given in this case, it is not difficult to pick out parts here and there subject to criticism, but taking the entire instructions as a whole on the subject of entrapment, we are satisfied that plaintiffs in error had nothing to·complain of, either as to the instructions given or the refusal of those offered.

As to the second proposition, to wit, that there was but one act of bribery, the theory of plaintiffs in error is that if bribed at all, Buzzi was to receive $3,500 for the entire protection, payable in installments of $500 every two weeks; that the bribery was one job and not several distinct transactions.

It is the government's theory that the act of plaintiffs in error every two weeks in making a $500 payment to Buzzi was a separate and distinct offense under section 91, title 18, USCA; that plaintiffs in error were buying protection for two-week periods.

This court, in Biddle, Warden, v. Wilmot, 14 F.(2d) 505, 507, said: "As there were three different acts of bribery charged in the three counts, committed on three different days, although for the same purpose, each was clearly a separate offense, and the court had jurisdiction to sentence him, on a verdict of guilty on all counts, on each of them." See.also United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309.

We are satisfied the court was correct in holding that each payment for two weeks' protection was a separate and distinct offense. The indictment charges different acts of bribery on different days.

The serious question in this case, and the one relied on, was whether or not plaintiffs in error had been convicted by a legal jury. The facts were these: Twelve men were impaneled to try the case; after it had continued for a week, one of the jurors because of illness was unable to longer serve. It was stipulated in open court, in the presence of plaintiffs in error, that the case should proceed to final conclusion with eleven jurors. Counsel for plaintiffs in error conferred with them in court, and announced that it was their desire to proceed with the case with eleven jurors; that defendants waived any right to a twelfth juror.· When the verdict of guilty was returned by the eleven jurors, counsel for plaintiffs in error immediately raised on motion for new trial the question that a constitutional jury consisted of twelve men, and that it was beyond the power of plaintiffs in error to waive this constitutional provision.

In view of the holdings of the Supreme Court on this question in the past, it was apparent that if we were to follow these holdings the case must be reversed. As the question was one of great importance, we decided to certify the same to the Supreme Court, submitting the following question:

"After the commencement of a trial in a Federal Court before a jury of twelve men upon an indictment charging a crime, punishment for which may involve a penitentiary sentence, if one juror becomes incapacitated and unable to further proceed with his work as a juror, can defendant or defendants and the Government through its official representative in charge of the case consent to the trial proceeding to a finality with eleven jurors, and can defendant or defendants thus waive the right to a trial and verdict by a constitutional jury of twelve men?"

The Supreme Court reviewed the cases bearing on this question, and on April 14, 1930 (281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854), filed a comprehensive opinion in which it answered the same in the affirmative.

As this was the only question of doubt in the case, nothing remains but to affirm the judgment of the trial court as to all the plaintiffs in error.

Affirmed.