STATE *v.* LUSKY.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

On Petition to Rehear April 6, 1954.

KNOX BIGHAM, Assistant Attorney General, for the State.

DAN GARFINKLE, and ALVIN BRANDT, both of Nashville, for defendant.

328

MR. SPECIAL JUSTICE LLOYD S. ADAMS delivered the opinion of the Court.

This appeal is from a judgment of the Criminal Court of Davidson County, Tennessee, sustaining a plea to the jurisdiction of that Court.

A presentment was returned by the grand jury at the September Term, 1952, charging the defendant, Lou Lusky, Jr., with the offenses of driving an automobile while under the influence of intoxicating liquor and driving while under the influence of narcotic drugs, and with public drunkenness. To this presentment, the defendant filed a written plea challenging the jurisdiction of the court, stating in substance that for the same offense, a criminal warrant had been issued in the Court of General Sessions of Davidson County on November 9, 1952; that the case was set for trial in the Court of General Sessions on November 26, 1952; that attorney for defendant moved the court to continue the case for one week, and before the court acted on said motion, the Attorney General prosecuting the case entered a nolle prosequi; that on the same day the prosecutor appeared before the grand jury of the Criminal Court of Davidson County and obtained a presentment against the defendant for the same offense; that the cause having originated

in the Court of General Sessions, it must properly remain in that court to the exclusion of the Criminal Court.

The judge of the Criminal Court of Davidson County sustained the plea to the jurisdiction, holding that the prosecution having been initiated in the Court of General Sessions, that that court was the proper tribunal for any further prosecution for the same offense, and the presentment was dismissed.

Motion for new trial was seasonably filed, overruled and appeal prayed and granted to this Court. Error was assigned to the effect that the lower court erred in sustaining the defendant's plea to the jurisdiction and in dismissing the presentment.

There is no dispute as to any material fact. The question presented for consideration by this Court is whether the Court of General Sessions under the circumstances had jurisdiction to the exclusion of the Criminal Court of Davidson County by reason of the defendant having been first charged by a warrant issuing out of the Court of General Sessions for the same offense.

The defendant, in the court below as in this Court, insists that the plea to the jurisdiction was good upon the principle that the state, after obtaining an indictment or presentment in a court having jurisdiction, cannot enter a nolle prosequi and obtain an indictment or presentment charging the same crime in another court having concurrent jurisdiction.

The Court of General Sessions of Davidson County was created by Chapter 12 of the Private Acts of the General Assembly of the State of Tennessee for the year 1937, and by Section 2 was vested with all jurisdiction conferred by law upon justices of the peace in civil and criminal cases. By Chapter 219 of the Private Acts of 1939 the

General Sessions Court of Davidson County was vested with jurisdiction to try and determine and render final judgment, in misdemeanor cases brought before the court by warrant or information, upon the defendant agreeing in writing to waive the right to be put to trial only by a presentment or indictment by a grand jury and waiving the right to be tried by a jury of his peers.

It is provided by Section 10828 of the 1950 Supplement to the Code of Tennessee that a person convicted of driving an automobile while under the influence of intoxicants or narcotic drugs shall be fined not less than $10 nor more than $500, and in the discretion of the trial court confined in the county jail or workhouse for period of some time less than one year. By Chapter 202 of the Public Acts of 1953 the fine is fixed at not more than $1,000 for the third offense.

██ Only a jury can impose a fine in excess of $50. Constitution of Tennessee, art VI, Section 14; *Christian* v. *State*, 184 Tenn. 163, 197 S. W. (2d) 797.

Therefore, to hold that a General Sessions Court had exclusive jurisdiction in the instant case would be to render ineffective and nugatory the legislation providing punishment by fine of not more than $500, as a trial by jury could not be had in a General Sessions Court.

██ It is the duty of this Court, in the interpretation of statutes, to ascertain and give effect to the legislative intent.

It is provided by Section 10830 of the Code of Tennessee that no justice of the peace shall have jurisdiction to punish any person violating the law prohibiting driving an automobile while drunk or under the influence of narcotic drugs under the Small Offense Law.

By the provisions of Section 2 of Chapter 12 of the Private Acts of 1937, the jurisdiction and authority of the

Court of General Sessions of Davidson County is limited to the jurisdiction and authority conferred by the Legislature upon justices of the peace in civil and criminal cases, suits and actions; and the justices of the peace of Davidson County are divested of all such jurisdiction and authority.

Thus limited, the Court of General Sessions of Davidson County is substituted for the justice of the peace court, and it is the opinion of this Court that it was not the intention of the Legislature to extend the jurisdiction beyond that of the jurisdiction vested in justices of the peace, and did not intend to abrogate or limit the general laws with reference to trial and fines by juries in the Criminal Courts of Davidson County in drunken driving cases.

It is the opinion of this Court that the Court of General Sessions of Davidson County is not a court of coordinate or concurrent jurisdiction with the Criminal Courts of Davidson County. As this is determinative of the case, it becomes unnecessary to discuss the other assignments of error and questions made in the brief for defendant.

The case is reversed and remanded for trial, and the costs adjudged against the defendant.

## On Petition to Rehear.

A petition to rehear has been filed by the State of Tennessee requesting that the former opinion of the Court in this case be clarified or modified in certain respects. The petition is granted.

In the former opinion it was stated "* * * that it was not the intention of the Legislature to extend the jurisdiction [of the General Sessions Court of Davidson County] beyond that of the jurisdiction vested in justices

of the peace, and did not intend to abrogate or limit the general laws with reference to trial and fines by juries in the Criminal Courts of Davidson County in drunken driving cases.''

It was pointed out that by Section 10830 of the Code of Tennessee it is provided that no justice of the peace shall have jurisdiction to punish any person violating the drunken driving statute under the Small Offense Law.

It was further pointed out that Chapter 12 of the Private Acts of 1937 creating the General Sessions Court for Davidson County vested it with jurisdiction and authority conferred by Legislature on justices of the peace, and divested justices of the peace of all such jurisdiction and authority.

It was the opinion of the Court then that Chapter 219 of the Private Acts of 1939 did not affect the general statute providing that drunken driving cases should not be tried under the Small Offense Law, upon the principle that a statute created by private act contrary or opposed to the general law of the state must give way to the general law. However, we did not consider an exception to this rule, that is, the power of the legislature to create and establish special courts, to which jurisdiction of other courts may be transferred. *Nichols* v. *King*, 190 Tenn. 573, exact pages 583-584, 230 S. W. (2d) 1006, 1010-1011; *Hancock* v. *Davidson County*, 171 Tenn. 420, 104 S. W. (2d) 824; *Ellis* v. *State*, 92 Tenn. 85, 20 S. W. 500.

By Chapter 219 of the Private Acts of 1939, the General Sessions Court of Davidson County is vested with jurisdiction to try and determine and render final judgment in *all* misdemeanor cases brought before said court by warrant or information wherein the person charged with such

misdemeanor offenses enters a plea of guilty or requests a trial upon the merits, and in writing expressly waives a Grand Jury investigation, indictment or presentment and a jury trial. Upon further consideration the Court is of the opinion that this necessarily implies not only an exception to the provision that drunken driving cases may not be tried under the Small Offense Law, but vests authority in the General Sessions Court to impose a fine of not exceeding $50 and in its discretion sentence the accused to the county workhouse for a period less than one year. *Metzner* v. *State,* 128 Tenn. 45, 157 S. W. 69. In this respect the jurisdiction of the General Sessions Court of Davidson County exceeds the jurisdiction of a Justice of the Peace, and we so hold. The former opinion is modified in this respect. If in the opinion of the General Sessions Court the punishment merits a fine in excess of $50, the defendant should be bound over to the Criminal Court of Davidson County.

We affirm our former opinion that the General Sessions Court of Davidson County is not a court of co-ordinate or concurrent jurisdiction with the Criminal Courts of Davidson County.

The State has the legal right to have a nolle prosequi entered in the General Sessions Court before jeopardy attaches, and to have the defendant indicted or presented charging the same crime in the Criminal Court of Davidson County.

As modified the former opinion and judgment of the Court is affirmed.

All concur.

GAILOR, Justice, did not participate.