COLLINS CATES *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1954.)

Opinion filed May 6, 1955.

J. C. McMURTRY, of Gallatin, and WILLIAM WILLIS, of Hendersonville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, who will be later referred to as the defendant, was arraigned in the General Sessions Court of Sumner County on a warrant charging him with public drunkenness. Upon being informed of the charge he pleaded guilty. He expressly waived the right to be tried upon an indictment and by a jury of his peers. The court, having heard proof relating to the charge, fined him $5 and costs of the case and in addition thereto sentenced him to the county workhouse for ninety (90) days, which sentence was "suspended during good behavior". The foregoing judgment was pronounced on March 24, 1954.

On June 19, 1954, the defendant was served with written notice, signed by the General Sessions Judge, to "appear before the court and show cause, if any exists, why said suspension of the jail sentence should not be re-

voked." On the 28th day of June, 1954, the defendant appeared in court, pursuant to the notice and "after hearing proof" the suspended jail sentence was revoked, the order of suspension reciting that "the defendant has violated the terms of the suspended sentence."

The defendant excepted to the action of the court and appealed to the next term of the Circuit Court.

When the defendant's case was called for trial in the Circuit Court he filed an affidavit to the effect he was not represented by counsel in the General Sessions Court and did not understand the meaning of a waiver; that his constitutional rights were not explained to him, and had he been fully informed he would not have signed the waiver.

The judgment of the General Sessions Court was affirmed and defendant thereupon moved the court for a new trial upon the ground that the sentence was null and void; that the court was without jurisdiction to impose the sentence under Code Section 11494, known as the small offense law. The motion was overruled, and thereupon the defendant moved the court "to arrest the judgment" because the same was null and void. This motion was overruled and an appeal prayed and granted to this Court.

The only assignment of error is that the trial judge erred in overruling the aforesaid motions, the contention being that the court had no authority to impose a jail sentence where the accused pleads guilty to a misdemeanor which is punishable under "the small offense law", and the order revoking a suspended sentence was also null and void.

The Private Act creating the General Sessions Court of Sumner County provides that it shall "exercise the authority conferred by the General Assembly of Tennessee upon Justices of the Peace in civil and criminal cases"

and that Justices of the Peace are divested of all such jurisdiction other than to issue criminal and search warrants and accept appearance bonds returnable to and trial by the said Court of General Sessions. By Section 5 of the Act, Chapter 481, Private Acts of 1949, it is provided as follows:

"That it shall be the mandatory duty of the Judges of the Court of General Sessions when a defendant is brought before such Court upon arraignment or trial, to advise such defendant of his constitutional right to the aid of counsel, the right to be tried only upon presentment or indictment by a Grand Jury, the right to make a statement in reference to the accusation or the right to waive such statement, and the right to a trial by jury. Upon the defendant agreeing in writing to waive the right to be put to trial only by presentment or indictment by a Grand Jury and the right to be tried by a jury of his peers, such Courts may proceed to hear and determine such case as is provided in Section 1 hereof."

The foregoing provisions of the Act were complied with according to the language appearing in the record. In view of the ruling of the court affirming the action of the General Sessions' Judge, this question is foreclosed.

Adverting to the provisions of the above-quoted Section of the Act, we find no mention of fines and sentences authorized to be fixed by the court. Nor is there any exception in cases falling under the "small offense statute". The Act provides: "* * * such Courts may proceed to hear and determine such case as is provided in Section 1 hereof." There is nothing in Section 1 relating to the mode of trial or the court's jurisdiction to fix sentences. Nor is there any provision authorizing the suspension of any sentence, such as is conferred under the

general law upon Circuit and Criminal Court Judges.

 It cannot be doubted but that the jurisdiction of the General Sessions Court is the same as that of Justices of the Peace of Sumner County. The Private Act so provides. Under the so-called "small offense law" a Justice of the Peace, upon a plea of guilty, the extent of his jurisdiction is a fine of not less that $2 and not in excess of $50. But it is very clear that the jurisdiction of General Sessions Courts of this State, including the same court in Sumner County, is enlarged over that possessed by Justices of the Peace, by providing that in all misdemeanor cases said courts may impose a fine not in excess of $50 and *a jail sentence* not to exceed eleven months and twenty-nine days; provided the accused is first advised of "his constitutional right to the aid of counsel," his right to make a statement with reference to the accusation, and agrees in writing to waive the right of trial upon an indictment or presentment by a Grand Jury and the right to be tried by a jury of his peers. The foregoing is mandatory upon the judge of the court. But when fully complied with, as it was in the case at bar, the court is fully authorized to impose a fine and a jail sentence. The enlarged jurisdiction of Courts of General Session, as herein pointed out, represents the general public policy of the State.

 It is settled law in this State that neither Section 6 nor Section 8 of art. 1 of our Constitution prevents an individual from waiving his right of trial by a jury in misdemeanor cases. This is true because Sections 6 and 8 of Article 1 give all persons "the right of trial by jury", and he cannot be deprived of his liberty other than by "the law of the land." *State ex rel. McMinn* v. *Murrell,* 170 Tenn. 606, 98 S. W. (2d) 105.

■ The offense of public drunkenness is a common law offense and punishable as a misdemeanor. For this offense, there being no statutory penalty, one accused of such offense may be punished "by fine or imprisonment, or both, in the discretion of the court", as in all misdemeanor cases. *Willard* v. *State,* 174 Tenn. 642, 130 S. W. (2d) 99, 100.

■ In the light of these authorities, and provided in Section 6 of the aforesaid Private Act, we think the General Sessions Judge had the authority to sentence him to serve 90 days in the county jail. But there is no provision in the law authorizing a suspension of such sentence. In as much as he had no authority to suspend it his attempt to revoke it was likewise without authority. It results that he is subject to confinement under the original sentence.

The assignments of error are overruled, and the judgment of the trial court is affirmed.