STATE OF TENNESSEE v. JESSE SIMMONS, JR.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

J. J. JEWELL, JR., of Murfreesboro, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This appeal involves the question of the constitutionality of Chapter 267, Public Acts of 1955. The Trial Judge held the Act unconstitutional.

The substance of the pertinent parts of the Act for the purpose of this case are the following:

Section 1 provides that all Courts of General Sessions and similar inferior Courts heretofore or hereafter created by the Legislature throughout the State are vested with jurisdiction to determine and render final judgment in all misdemeanor cases, brought before such Courts upon warrants wherein the person charged with such misdemeanor enters a plea of guilty or requests trial upon the merits and expressly waives in writing an indictment, presentment or a grand jury investigation and jury trial. In such case the trial shall proceed before the Court without the intervention of a jury and the Court shall either enter such judgment, and as an incident thereto, may inflict such punishment within the limits provided by law for the particular offense as he may deem proper, but he cannot impose a fine in excess of $50, nor can he try a case wherein the minimum punishment is a fine of more than $50.

Section 4 makes it mandatory upon the Judge of such Court before trial or disposition of the misdemeanor to advise one not represented by counsel of his constitutional rights to the assistance of counsel and of his right to be tried only upon presentment or indictment by a grand jury and to be tried by a petit jury.

Section 5 provides for the appeal to be criminal or circuit court upon giving bond for the amount of fine and costs or in lieu thereof taking the pauper's oath; and for a trial on such appeal without a jury or without indictment or presentment upon the original warrant.

In the present case—Simmons was indicted for the offense of driving an automobile upon the public highway while under the influence of an intoxicant, Code Sec. 10828. To this indictment he plead autrefois convict in

that on a prior date he was arrested on a warrant for the same offense and brought to trial on the same evidence before the Judge of the General Sessions Court of Rutherford County; that being represented by counsel and also being advised as to his rights under the above Act, he plead guilty and signed a waiver of his right to demand an indictment and presentment by a grand jury and the right to trial by a petit jury and requested a trial by the said General Sessions Judge without a jury as provided by said Act; he was so tried, convicted and fined $50 and costs and sentenced to the county workhouse for 90 days, which sentence was suspended.

Said plea was demurred to by the State as being in violation of our Constitution (1) Art. 1, Section 6, Right of Trial by Jury; (2) Art. 1, Section 14, no person shall be put to answer any criminal charge but by presentment, indictment or impeachment; and (3) Art. 1, Section 8, the law of the land provision.

The Trial Judge sustained the demurrer and the defendant was tried and convicted by a jury and fined by the Court $10, from which he has appealed.

The Trial Judge has written an extended and interesting opinion. Relying upon what was said in certain cases, especially *State ex rel. Ward* v. *Murrell,* 169 Tenn. 688, 90 S. W. (2d) 945; *Spurgeon* v. *Worley,* 169 Tenn. 697, 702, 90 S. W. (2d) 948, and *Howard* v. *State (Von Drake v. State),* 143 Tenn. 539, 227 S. W. 36, his Honor was of opinion that even upon a plea of guilty and a waiver of indictment, etc., and a jury trial, jurisdiction could not be conferred upon the General Sessions Judge to act in any misdemeanor case where the defendant may be fined the minimum fine of less than $50 and a maximum fine of more than $50, or imprisonment, or both.

His Honor concluded further as follows:

"I cannot escape the conclusion that the earlier cases or decisions dealing with the constitutional provision prohibiting any person from being called upon to answer a *criminal charge* except by indictment or presentment did not intend to hold that any offense denominated as a misdemeanor could be prosecuted without indictment or presentment. The earlier cases dealing with small offenses used restrictive language."

His Honor further stated:

"It seems to me that later decisions of our Supreme Court dealing with Art. 1, section 14, of the Constitution of Tenessee stumbled into the error of holding that words 'criminal charge' referred only to felonies and not to any misdeameanors whatever, no matter how severe the punishment. The word 'misdemeanor' where used in the earlier decisions, evidently referred to small offense cases, the word 'misdemeanor' being restricted by the use of adjectives as 'common' or by the descriptive phrase, 'of the grade of, etc.' "

His Honor then concludes as follows:

"In the light of the foregoing authorities it seems to me that the words 'criminal charge' mean such offenses as may be punished by a fine in excess of $50.00 and imprisoment, or one or both, and that the prohibition against having a person answer a criminal charge except by indictment or presentment operates against Courts the same as prohibition against a person being fined more than $50.00 except by a jury. Why one is a personal privilege that may be waived and the other is not is a distinction without a difference. To try a person on a criminal charge

except by indictment or presentment is outlawed by the Constitution, and the mandate is on the Court as well as on the individual."

■ In our opinion all of the above may be answered by reference to *State ex rel. McMinn* v. *Murrell,* 170 Tenn. 606, 98 S. W. (2d) 105, which case was referred to by his Honor, the Trial Judge. In that case the relator McMinn was found guilty of an assault and battery by a City Judge in Chattanooga. *On a plea of guilty* after hearing the proof, relator was fined $50 and committed to the county workhouse to work out the fine and costs. He was discharged on a petition for habeas corpus against the superintendent of the workhouse. The latter appealed. The opinion states as follows:

"The argument made to support the conclusion of the trial judge is that the city judge, endowed by statute with the same jurisdiction as a justice of the peace, was without authority to hear and dispose of a charge of assault and battery because that is an offense which may be punished by a fine exceeding $50 or by imprisonment or by both.

"The relator relies on section 6 of article 1 of the Constitution providing that the trial by jury shall be preserved inviolate; section 8 of article 1 of the Constitution providing that no man shall be deprived of life, liberty, or property but by the judgment of his peers, etc.; and section 14 of article 1 of the Constitution providing that no person shall be put to answer in a criminal charge but by presentment, indictment or impeachment.

"It is conceded that a justice of the peace may entertain jurisdiction of cases in which the defendant is charged with a petty misdemeanor, but it is urged that a misdemeanor, which may be punished

by a fine exceeding $50, or by imprisonment or both, is not such petty misdemeanor. The contention seems to be that, even upon a plea of guilty, a justice of the peace is not empowered to deal with an offense of the latter class.

"To support this proposition, the principal reliance of relator is certain language used by the court in the recent cases of State ex rel. Ward v. Murrell, 169 Tenn. 688, 90 S. W. (2d) 945, and Spurgeon v. Worley, 169 Tenn. 697, 90 S. W. (2d) 948, 950. In the latter case, for instance, it is said: 'When statutes prescribe a minimum fine of less than $50 and a maximum fine of more than $50, only a court and jury can assess the punishment.' It was also said that jurisdiction of such offenses could not be conferred on a special court functioning without a jury and somewhat similar language of like import appears elsewhere in the opinions in the two cases.

"All these expressions referred to litigated cases, not to cases submitted on pleas of guilty. There was no intention on the part of the court to question the established jurisdiction of justices of the peace under the small offense law. That law is contained in section 11494 et seq. of the Code and applies only when a 'person brought before a justice of the peace for a misdemeanor, may plead guilty.' "

The opinion then refers to the early case of *McGinnis* v. *State*, 28 Tenn. 43, and following the quotation from that case, it refers to a number of cases referred to by the Trial Judge in his opinion including *Rose* v. *State*, 77 Tenn. 388.

The opinion proceeds as follows:

"We take it that a defendant, so far as he is concerned, may waive his right to a jury trial, and may

waive his right to demand that proceedings against him be based on an indictment, presentment, or impeachment. * * * The defendant cannot, however, by such waiver, confer jurisdiction on a magistrate to entertain a prosecution for a felony or misdemeanor in which a fine of more than $50 is to be assessed. This is so because the jury is an integral part of the tribunal authorized to hear the most of such cases, and because of article 6, § 14, of the Constitution, providing that no fine shall be laid on any citizen that exceeds $50 unless assessed by a jury of his peers. Such is the meaning of Scopes v. State, 154 Tenn. 105, 289, S. W. 363, 53 A. L. R. 821; Upchurch v. State, 153 Tenn. 198, 281 S. W. 462; State v. White, 132 Tenn. 203, 177 S. W. 478; Metzner v. State, 128 Tenn. 45, 157 S. W. 69; State [ex rel. Astor] v. Schlitz Brewing Co., 104 Tenn. 715, 59 S. W. 1033. For a collection of authorities discussing the general rule as to waiver of a jury in felony cases, see notes, 48 A. L. R. 767, and 58 A. L. R. 1031.''

Then with reference to the idea that consent cannot confer jurisdiction, the Court concluded as follows:

''A plea of guilty does not enlarge the jurisdiction of the court as a matter of course. A plea of guilty in a magistrate's court admits that defendant is guilty of a small offense, punishable by a fine not exceeding $50. All that is submitted to the magistrate, for final adjudication, therefore, under a plea of guilty in a misdemeanor case is a petty misdemeanor—a misdemeanor that cannot be punished by a fine exceeding $50. The jurisdiction of the magistrate to assess punishment in a case like this is too well established to be questioned.''

The fine of $50 was accordingly affirmed.

With reference. to the law of the land provision of the Constitution, supra, his Honor called attention to the fact that in his judicial circuit courts of General Sessions in all the counties except Cannon County, and that in many other counties there is no General Sessions Court. He then puts the illustration that a person is arrested in Cannon County for violating the law prohibiting driving while intoxicated upon the public highway, and the accused is brought before a Justice of the Peace. In that situation the defendant cannot plead guilty and have his case disposed of by a Justice of the Peace because expressly prohibited by Code Sec. 10830. Consequently, the case is referred to the grand jury for indictment and is then tried in the Circuit Court and could receive a fine up to the maximum of more than $500 and be imprisoned, in which situation the court costs. would amount to $28.50.

Whereas, for the same offense in the General Sessions Court on a plea of guilty or on being found guilty after trial with the jury waived, the expense would only be approximately $4 to $5. So that it is said that in a county where there is no General Sessions Court a person charged with such offense is treated in a different manner from the county where there is such a court.

It is further said that when a person is tried before a jury he may exercise his right under the Act of 1947, c. 82, to have the jury fix the entire punishment both as to fine and imprisonment, whereas, if tried in the General Sessions Court the jury is waived.

His Honor then refers again to *State ex rel. Ward* v. *Murrell,* supra [169 Tenn. 688, 90 S. W. (2d) 947], from which he quotes as follows:

"The Legislature could not, in creating a special court for a particular county, or by transferring jurisdiction from one court of the locality to another,

prescribe a procedure by which citizens within the limited jurisdiction would be deprived of the right of trial by jury, and upon indictment or presentment, a right assured to citizens of all other counties of the state. In other words, the Legislature cannot restrict trial by jury in courts of Hamilton county and empower the courts of that county to proceed summarily upon accusation of an arresting officer, aggrieved person, or the judge, and punish for misdemeanor by the imposition of fines and imprisonment."

Quoting further, 169 Tenn. at page 696, 90 S. W. (2d) at page 947:

"The law of the land means a law that embraces all persons who are or may come into the like situation. All persons charged with misdemeanor fall within one general classification. Misdemeanors in Hamilton county cannot be distinguished from misdemeanors in the other counties of the state. A statute that embraces only a portion of those persons who exist in the same situation, for instance persons charged with misdemeanor under the Penal Code, is not the law of the land within the meaning of article 1, § 8, of the Constitution."

In response to the above we again refer to what is said in *State ex rel. McMinn* v. *Murrell*, 170 Tenn. 606, 98 S. W. (2d) 105, supra, that the case of *State ex rel. Ward* v. *Murrell* was a litigated case in which no question of consent or waiver was involved. Morever, what is before us is a general public Act applicable to every General Sessions Court in the State and to every person who may be there charged with a misdemeanor whether or not he be a citizen of that county.

The power of the Legislature to establish special courts and to confer special jurisdiction upon them is settled by the cases of *Moore* v. *State,* 37 Tenn. 510, 512; and those cases in *State* v. *Lusky,* 196 Tenn. 326, 332, 267 S. W. (2d) 106. It is also settled that there is no con- stitutional objection under Art. 1, Sections 6 and 8, to a person waiving his right to a jury trial in a misdemeanor case, *Cates* v. *State,* 198 Tenn. 270, 279 S. W. (2d) 262, citing the McMinn case, supra, although he cannot by con- sent confer jurisdiction on any Court to levy a fine ex- ceeding $50, as the same by express provision of the Con- stitution, Art. 6, Section 14, is prohibited.

Since it is within the power of the Legislature to create or establish special courts, as shown by the authorities cited in *State* v. *Lusky,* supra, to which juris- diction of other Courts may be transferred, it is but to be expected that there may be a difference in the court costs incurred as between the special court and the one from whom jurisdiction is transferred or between the special court and some other court. Insofar as it may be that when a person is tried before a jury he may exer- cise his right under the Act of 1947, to have the jury fix the entire punishment, that is a statutory right which he may waive and which if he avails himself of the provi- sions of Chapter 267, Public Acts of 1955, he does waive.

We, therefore, hold said Act valid. The judgment be- low is, therefore, reversed and the case dismissed.

NEIL, Chief Justice (concurring).

In support of the demurrer it was argued by the Dis- trict Attorney General that one charged with a mis- demeanor by warrant in a General Sessions Court, and files a written waiver of trial by jury on an indictment or presentment, that on appeal to the Criminal or Circuit

Court " it is *mandatory* that the trial Judge in the appellate Court shall try the case without the intervention of a jury, thus denying the right of trial by jury in a Court of general jurisdiction in criminal cases."

The trial judge apparently adopted the foregoing theory of the case. His conclusion that there is "no right of waiver" in this and similar cases appears in his memorandum opinion as follows: "* * * that the prohibition against having a person answer a criminal charge except by indictment or presentment operates against the courts the same as the prohibition against a person being fined more than $50 except by a jury." A complete answer to this statement is that there is no prohibition in the Constitution against the defendant's right to go to trial upon a warrant, having filed a written waiver as provided by the statute herein assailed.

The State's Assistant Attorney General takes a contrary view to that of the District Attorney General and the trial judge. It is pointed out by him that the trial judge overlooked the fact that Circuit and Criminal Judges, where a jury is waived, may try misdemeanor cases without a jury and find the accused guilty, imposing a jail sentence and a fine not to exceed $50. *Metzner* v. *State*, 128 Tenn. 45, 157 S. W. 69. In *State ex rel. McMinn* v. *Murrell*, 170 Tenn. 606, 98 S. W. (2d) 105, it was held that a defendant, so far as he is concerned, may waive his right to a jury trial and to demand that the proceedings against him be based on an indictment, presentment or impeachment. The Court, speaking through Green, C. J., stated that these are *personal privileges.*

Moreover it should be kept in mind that the General Sessions Judge is not bound to accept a plea of guilty. The accused may feel aggrieved because of the nature of the judgment against him in the General Sessions Court,

or because of his refusal to accept his plea and his action in binding him over to the grand jury. In any event Section 5 of the Act provides for an appeal and the case "shall be tried by the Judge of the Appellate Court without a jury and without indictment and presentment, and upon the original warrant issued against such person." The case would be reviewable as to every aspect of the trial in the court below. It is implicit in the statute that the case would be tried *de novo* on the same plea of not guilty, the appellate judge rendering such judgment as justice and the law requires.

The defendant's right to claim the benefit of the statute herein assailed is available to him in both courts. This right cannot be denied him by the State unless the plea of guilty, and trial in the General Sessions Court, amounts to a fraud upon the State to defeat the ends of justice. Moreover the right to waive a jury trial, being personal to the accused, cannot be questioned by the State except for fraud, or collusion between the accused and the General Sessions Court as pointed out herein; he cannot be forced into a jury trial upon a waiver because the Constitution and the law of the land do not thrust it upon him "willynilly". Implicit in the right to demand a jury, and trial upon an indictment or presentment, is the right to waive such a proceeding. This right, we think, is not only recognized by law but it is protected and safeguarded in the statute herein assailed. In further support of the right of waiver the following statement by Mr. Justice Chambliss in *State ex rel. Lea* v. *Brown,* 166 Tenn. 669, 692, 693, 64 S. W. (2d) 841, 848, 91 A. L. R. 1246, is appropriate:

"A party may waive any provision of a contract, statute, or constitution intended for his benefit. Bouvier & Anderson's Law Dictionaries. These and

other text-book authorities follow the language of Mr. Justice Strong in the early case of Shutte v. Thompson, 15 Wall. 151, 159, 21 L. Ed. 123, 'a party may waive any provision, either of a contract or of a statute, intended for his benefit.' So, it was said in a leading case, In re Cooper, 93 N. Y. [507], 512, 'It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, *and that having once done so he cannot afterward ask for its protection.* (Italics inserted.) (Lee v. Tillotson, 24 Wend., N. Y., 337, 35 Am. Dec. 624; Embury v. Conner, 3 N. Y. 511, 53 Am. Dec. 325; Cooley's Const. Lim. 181.)' "

There is a conflict of authority upon the right of one accused of a criminal offense to waive an indictment and trial by jury. But this Court, as clearly appears from the foregoing authorities and others, is definitely committed to the right of waiver. In further support of this position and holding of the Court, we cite the following additional authorities. In 50 C. J. S., Juries, Sec. 86, it is said:

"In many jurisdictions an accused may waive his right to a jury trial,[74] and such right to a jury trial may be waived even in felony cases, at least where the legislature has so provided and there is no constitutional provision making a trial by jury mandatory for the offense involved. Under this view an accused may waive the right to a jury trial given him by statute, and may even waive a constitutional right to a jury trial, * * *.

"[74] * * * Reason for rule

"Since trial by jury confers burdens as well as benefits, an accused should be permitted to forego the privilege of a jury trial when his competent

judgment counsels him that his interests are safer in the keeping of the judge than of the jury.—Adams v. United States ex rel. McCann, 317 U. S. 269, 63 S. Ct. 236, 87 L. Ed. 268, 143 A. L. R. 435.

"No violation of public policy

"Granting person accused of serious crime right to waive jury trial is not against public policy.— Patton v. U. S., 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, answer conformed to, 8 Cir., 42 F. 2d 68."

There appears to be a contrary view in a few cases. In a footnote to the above text citing *State* v. *Porter,* 176 La. 673, 146 So. 465, there appears the following:

"Interest of state and accused

"A statute requiring a jury trial in certain cases is enacted in the interest of both the state and the accused, and neither is permitted to derogate from it."

We think it is clear by all the authorities that a jury trial will not, and cannot, be denied under any circumstances *where the accused demands a jury,* and this is true where a plea of guilty is entered by one accused of a criminal offense. But where the Constitution is silent, as in the case at bar, as to his right *to waive a jury trial,* and the statute authorizes it under proper safeguards, this Court should not deny him that right under the pretense, or fallacious theory, that the Act is unconstitutional.

Following the long history of judicial oppression under the common law, and every tyranny under the Crown, there emerged the great Charter of English liberty providing, *"that trial by jury shall remain inviolate".* This declaration later found its way into the organic law of most, if not all, of the several states, in one form or another. The Sixth Amendment to the Constitution of

the United States is, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury" etc. The great weight of authority supports the view that these constitutional provisions mean that trial by jury "shall remain inviolate" *at the instance of the accused.* See United States cases, supra, and other authorities cited by Mr. Justice Chambliss in *State ex rel. Lea v. Brown,* supra.

The trial judge's second ground for holding the Act invalid was that the Act "was not the law of the land" within the meaning of the Constitution. This premise was based upon the proposition that a number of counties do not have General Sessions Courts, and hence the procedure prescribed in the Act cannot be followed in those counties.

It cannot be denied that the Legislature has full power to create special courts and fix their jurisdiction. The mere fact that Rutherford County has a General Sessions Court by special Act, and Cannon County does not, is not in violation of Article 11, Section 8, of the Constitution, which provides against statutes enacted for the benefit of individuals. The Legislature has gone so far as to create a County Commission form of government for a number of counties. Citizens of other counties are not prejudiced thereby. These Private Acts have all been held valid.

The jurisdiction of the General Sessions Court of Rutherford County is applicable to the violation of law within the territorial limits of the county, citizens of said county and citizens of all other counties who may be brought before the court charged with a criminal offense. It is not conceivable that all such persons who are non-residents of Rutherford County would or could question the court's jurisdiction on the ground that in

the county of his residence there is no General Sessions Court.

This question was definitely settled almost a century ago in *Moore v. State*, 37 Tenn. 510, (opinion by Mr. Justice Caruthers) cited in the majority opinion, wherein it was held that the Legislature was authorized to establish "special" courts with its jurisdiction confined alone to Knox County.

I concur in the majority opinion.